**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICIA K. SULLIVAN,**

                                 **Plaintiff,**

                    v.                          **6:07-CV-212**
                                                         **(FJS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                 **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **LAW OFFICES OF**<br>**PETER W. ANTONOWICZ**<br>148 West Dominick Street<br>Rome, New York 13440<br>Attorneys for Plaintiff | **PETER W. ANTONOWICZ, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL**<br>**GENERAL COUNSEL - REGION II**<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **SANDRA M. GROSSFELD, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff requests that the Court reverse the ALJ's decision or remand the case to the ALJ for further evaluation of the evidence. Currently before the Court are Plaintiff's and Defendant's cross-motions for judgment on the pleadings or, in the alternative, for summary judgment. *See generally* Dkt. Nos. 12, 15.

**II. BACKGROUND**

Plaintiff, then 46, filed an application for SSI on August 16, 2004, and DIB on August 17, 2004. *See* Administrative Record ("AR") at 213, 63. In her disability report, Plaintiff cited an injured rotator cuff as her disabling condition. *See* AR at 72. The Social Security Administration denied her requests on November 10, 2004. *See id.* at 28. Plaintiff filed a timely request for a hearing on January 14, 2005, which was held before Administrative Law Judge ("ALJ") Gordon Mahley in Utica, New York, on August 15, 2005. *See* AR at 33-34, 220. Attorney Peter Antonowicz represented Plaintiff, who appeared and testified. *See* AR at 220, 224. Mr. David Festa, a vocational expert ("VE"), also testified. *See id.* at 220, 251.

ALJ Mahley considered the case *de novo* and issued a written decision denying Plaintiff's application on January 27, 2006. *See* AR at 18-26. In his decision, ALJ Mahley stated that he carefully considered all medical opinions regarding the severity of Plaintiff's impairments and made

the following findings:

> 1) Plaintiff meets the nondisability requirements for a period of disability and DIB set forth in § 216(i) of the Social Security Act and is insured for benefits through the date of the ALJ's decision.
> 2) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her condition.
> 3) Plaintiff's status post right shoulder repair of the labrum and partial supraspinatus tear is a severe impairment under the regulations.
> 4) Plaintiff's impairment does not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").
> 5) Plaintiff's allegations regarding her limitations are not totally credible.
> 6) Plaintiff has the RFC to perform a wide range of sedentary work. Plaintiff can perform household duties with her left hand, pull drawers with her right hand, sit for fifty percent of the day and stand for the other fifty percent. Plaintiff can lift twelve to fifteen pounds with her left hand and push or pull the same.
> 7) Plaintiff is unable to perform any of her past relevant work.
> 8) Plaintiff is a "younger individual," as defined by the regulations.
> 9) Plaintiff has a high school or high school equivalent education.
> 10) Plaintiff has no transferrable skills from any past relevant work and/or transferability of skills is not an issue in this case.
> 11) Plaintiff has the RFC to perform a significant range of sedentary work.
> 12) Although Plaintiff cannot perform the full range of sedentary work, the Medical-Vocational Rules indicate that there are jobs in the national economy that she can perform. Such jobs include telephone solicitor and surveillance system monitor.
> 13) Plaintiff was not under a disability within the meaning of the Act at any time through the date of the ALJ's decision.

*See* AR at 25-26.

The ALJ's decision became the Commissioner's final decision on February 6, 2007, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 5.

Plaintiff commenced this action on February 28, 2007, *see* Dkt. No. 1, and filed a supporting brief on October 22, 2007, *see* Dkt. No. 12. Defendant filed a response brief on December 27,

2007.  *See* Dkt. No. 15.

### III. DISCUSSION

**A.    Standard of Review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it.  *See* 42 U.S.C. § 405(g).  The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

> However, where the court has
>
> "a reasonable basis for doubt whether the ALJ applied correct legal
> principles, application of the substantial evidence standard to uphold
> a finding of no disability creates an unacceptable risk that a claimant
> will be deprived of the right to have her disability determination made
> according to the correct legal principles."

*Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (quotation omitted).

Remand is therefore appropriate where a court cannot ascertain what weight should be assigned to pieces of evidence that the ALJ did not properly evaluate or whether clarification of the record might change the weight that the ALJ assigned to various pieces of evidence.  *See id.*

To be eligible for DIB, a claimant must show that she suffers from a disability within the meaning of the Act.  The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months.  *See* 42 U.S.C. § 1382c(a)(3)(A).  To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a

five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id.*
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do her past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, she is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform her past relevant work, the ALJ determines if she can perform other work, in light of her RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then she is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive disability benefits if she cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

**B.     The ALJ's determination of Plaintiff's RFC**

When assessing a claimant's RFC, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis[.] . . . Only after that may RFC be expressed in terms of the exertional levels of work,

-5-

sedentary, light, medium, heavy, and very heavy." SSR 96-8p, *1.  To analyze a claimant's capabilities on a function-by-function basis, the ALJ apprises her ability "to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." *Id*. at *5; *see also* 20 C.F.R. § 404.1569a.  In addition, the ALJ "must discuss the [claimant's] ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform . . . ." SSR 96-8p, at *7 (footnote omitted).

Where the ALJ fails to assess a claimant's "exertional and postural abilities on a function-by-function basis, his RFC determination cannot be upheld[.]" *Hilsdorf v. Comm'r of Soc. Sec.*, No. 08-CV-5290, --- F. Supp. 2d ----, 2010 WL 2836374, *14 (E.D.N.Y. July 15, 2010) (citing *Brown v. Barnhart*, No. 01-CV-2962 (JG), 2002 WL 603044, at *5-6 (E.D.N.Y. Apr. 15, 2002) (holding that the ALJ's RFC findings were inadequate because he did not evaluate the claimant's abilities on a "function-by-function" basis, or assess the claimant's capacity to work on a "regular and continuing" basis)).

For several reasons, the RFC that the ALJ determined for Plaintiff is legally insufficient. First, of the seven strength demands that the ALJ must discuss in a function-by-function analysis, he mentioned six, omitting walking.  Next, the ALJ did not set forth Plaintiff's capacity to carry out those strength demands in terms of an eight-hour workday.  *See* AR at 25.  The ALJ stated that Plaintiff could sit and stand for fifty percent of the day each, but did not phrase Plaintiff's capacity to sit and stand in terms of an eight-hour workday.  *See id*.; SSR 96-8p, at *7.  In addition, the ALJ did not discuss Plaintiff's ability to lift and carry weight in a workplace setting, for example, by stating the frequency with which she could lift various weights.  *See* SSR 96-8p, at *7; 20 C.F.R.

§ 404.1567. He merely asserted that Plaintiff was capable of lifting between twelve and fifteen pounds with her left hand and gave no estimate of Plaintiff's capacity to lift weight with her right hand. *See* AR at 25. It appears that, although the ALJ used the correct analytical framework to create Plaintiff's RFC, he did not apply the entire framework. This error resulted in an RFC that did not comply with legal standards; and, as a result, the Court remands the case to the ALJ for reconsideration of Plaintiff's RFC.

### C.     Plaintiff's credibility

When assessing a claimant's credibility, the ALJ must consider both her medical records and her reported symptoms. *See* 20 C.F.R. § 404.1529. A claimant's statements about her condition, on their own, are not enough to establish disability. *See id.*; SSR 96-7p, *1. A claimant's complaints of pain and limitation are, however, "'entitled to great weight where . . . [they are] supported by objective medical evidence.'" *Futia v. Astrue*, No. 1:06-CV-0961, 2009 WL 425657, *6 (N.D.N.Y. Feb. 19, 2009) (quoting *Simmons v. U.S.R.R. Retirement Bd.*, 982 F.2d 49, 56 (2d Cir. 1992)).

If a claimant's testimony is not supported by medical evidence, the ALJ employs a two-step process to evaluate her reported symptoms. *See* SSR 96-7p, at *2. First, the ALJ determines if the plaintiff has medically determinable impairments that could produce the alleged symptoms. *See* 20 C.F.R. § 404.1529(a); SSR 96-7p, at *2. Second, if impairments do exist, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms to determine the extent to which the symptoms limit the claimant's ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 96-7p, at *2. In so doing, the ALJ considers (i) claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and

aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve her pain or other symptoms; (v) other treatment the claimant receives or has received to relieve her pain or other symptoms; (vi) any measures the claimant takes or has taken to relieve her pain or other symptoms; and (vii) any other factors concerning the claimant's functional limitations and restrictions due to her pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3)(i)-(vii); SSR 96-7p, at *3.

An ALJ must discuss the relationship between a claimant's medically determinable impairment, the claimant's reported symptoms, the ALJ's own conclusions regarding the claimant's functioning, and why the claimant's reported symptoms are or are not consistent with the evidence in the record. *See* SSR 95-5p, *1. To that end, the Social Security Administration has instructed that "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision[,]" and the ALJ's decision "must be sufficiently specific to make clear. . . the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, at *4.

Here, the ALJ did not fully follow SSRs 95-5p and 96-7p. The ALJ merely stated that, because none of Plaintiff's physicians found her to be totally disabled, Plaintiff's testimony was less than fully credible. *See* AR at 22-23. By placing his determination of credibility after his description of Plaintiff's daily activities, the ALJ implied that he considered Plaintiff's statements regarding her pain to be less than credible in light of her daily activities. *See id*. Although daily activities are one measure of a claimant's credibility, the ALJ did not explicitly cite any medical records or other evidence as contradictory of Plaintiff's statements of disability; the ALJ merely stated that no doctors agreed with the claim that Plaintiff was completely disabled. *See id*. at 22.

This finding addressed the wrong issue, however, because Plaintiff was not claiming total disability but, instead, enough limitation and pain to prevent her from performing substantive gainful employment.  Finally, the ALJ ignored the fact that none of Plaintiff's physicians indicated that Plaintiff's claims of impairment were untrustworthy.  The ALJ's determination, therefore, was not explicitly grounded in the medical record, as SSR's 95-5p and 96-7p require.

Defendant, in its brief, attempts to connect the logical gaps that the ALJ missed, for example, by explicitly stating that Plaintiff's activities and complaints are incompatible and by noting inconsistencies with Dr. Scerpella's medical records and with the treatment notes of all doctors involved in the case.  *See* Dkt. No. 15, at 11-12.  The ALJ should have made such findings in his decision; but, since the ALJ did not do so and did not fully explain his reasoning according to the relevant regulations and SSRs, the Court remands this case to the ALJ for further explanation.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and the case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this

Memorandum-Decision and Order; and the Court further

      **ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: December 17, 2010
       Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge